No. 85-582

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

---

JACK L. WILKERSON,
            Claimant and Respondent,

        -vs-

B & J USED FURNITURE,
            Employer and Appellant,
        and

ROCKWOOD COMPANY,
            Defendant and Appellant.

---

ROBERT L. JANES,
            Claimant and Respondent,

        -vs-

B & J USED FURNITURE,
            Employer & Appellant,
        and

ROCKWOOD COMPANY,
            Defendant and Appellant.

---

APPEAL FROM:   The Workers' Compensation Court, The Honorable
               Timothy Reardon, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

                Anderson, Brown, Gerbase, Cebull & Jones; Steven J.
                Harman, Billings, Montana

        For Respondent:

                Towe, Ball, Enright & Mackey; Gregory R. Todd,
                Billings, Montana

---

Submitted on Briefs: Feb. 26, 1986

Decided: May 6, 1986

Filed:   MAY 6 - 1986

_____
                Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

The employer and insurer appeal the decision of the Workers' Compensation Court which determined the amount of temporary total disability payments due to employees Jack Wilkerson and Robert Janes. We affirm.

The sole issue on appeal is whether the Workers' Compensation Court erred in setting the rate of claimants' weekly disability payments.

The claimants established a partnership to buy and sell used furniture in Billings in October 1984. Neither of them had been in the used furniture business previously. Before opening their business, they purchased workers' compensation insurance through Rockwood Company.

On their fourth day of business, both claimants were injured while unloading a stove from their pickup truck. The insurer accepted liability and set the rates for temporary total disability benefits at $153.43 per week, calculated on the basis of annual wages of $12,000 for each claimant.

The claimants requested that the Workers' Compensation Court increase their benefits. By stipulation of the parties, the case was submitted to the court on the depositions of the claimants and the insurance agent, and the exhibits attached to those depositions. The only evidence of the rate at which compensation should be set was the business' application for workers' compensation insurance and the testimony of claimants and the insurance agent as to the application's intended meaning. The Workers' Compensation Court increased claimants' weekly compensation rate to $191.89 each, based on an estimated annual income for each claimant of $15,000, or half the expected annual payroll shown on the insurance application.

It is undisputed that after the claimants were injured they were entitled to temporary total disability benefits under § 39-71-701, MCA, consisting of "66 2/3% of the wages received at the time of the injury."

> "Wages" means the average gross earnings received by the employee at the time of the injury for the usual hours of employment in a week, and overtime is not to be considered. Sick leave benefits accrued by employees of public corporations, as defined by subsection (16) of this section, are considered wages.

Section 39-71-116(20), MCA. No evidence of the claimants' actual earnings from the business was presented, presumably due to its newness. Nor was any evidence presented to show what used furniture dealers in the Billings area earned on a weekly basis. There was testimony that prior to opening their furniture business, Mr. Wilkerson derived an irregular income primarily from gambling, and Mr. Janes had worked most recently for $4.00 an hour as a laborer.

The only documentary evidence before the court was the business' application for workers' compensation insurance. It showed that the business was expected to employ three persons and have a total annual payroll of $30,000. The claimants testified that they had intended their insurance to provide for estimated annual salaries of $30,000 for each of them, based on what they understood a laborer would make. They also testified that the business employed only themselves, that they had no immediate plans to hire a third employee, and that they had not been aware of the figures shown on the application. The insurance agent testified that he and the claimants discussed the figures on the application. He also testified that the premium was initially set based on a $30,000 estimated annual payroll for the business, consisting of $12,000 apiece for claimants and $6,000 for a

3

future part-time employee. He testified that the policy premium would have been audited annually and, if necessary, adjusted.

The brevity of the claimants' employment as used furniture businessmen is of no relevence in computing their rights to workers' compensation. 2 Larson, Workmen's Compensation Law, § 60.21(a) at 10-580 (1985). The entire objective of computation of average weekly wages is to arrive at as fair an estimate as possible of claimant's future earning capacity. 2 Larson, Workmen's Compensation Law, § 60 at 10-538 (1985). Our standard of review is whether substantial evidence exists to support the findings and conclusions of the Workers' Compensation Court. Ridenour v. Equity Supply Co. (Mont. 1983), 665 P.2d 783, 788, 40 St.Rep. 1012, 1018. In the absence of better evidence, the Workers' Compensation Court based its computation of the claimants' weekly compensation rate on the estimated payroll for the business divided by the actual number of employees. We conclude that the court arrived at a fair estimate of claimants' future earning capacity, from the evidence presented in this unique case. There is substantial support in the record for the court's conclusion. We affirm.

Justice

We Concur:

_John Conway Harrison_

_William E. Hunt Sr._
Justices

5